ANSTEAD, Judge.
The appellant, Leo Jenkins, appeals his conviction of aggravated assault and possession of a pistol without a license, claiming error in the trial court’s exclusion of evidence as to his previous altercations with the alleged victim of the assault. We reverse.
Jenkins was charged with having assaulted Joseph Robinson on March 18, 1976. In defense Jenkins claimed he acted solely to defend himself from an assault by Robinson. Both on cross-examination of Robinson and in his own testimony, Jenkins attempted to present evidence that he was assaulted and robbed by Robinson just two days before, on March 16, 1976. Jenkins also proffered the testimony of a police officer who saw the injuries sustained by Jenkins on March 16. The trial court refused to admit any of this testimony and ruled that evidence of any relations between Jenkins and Robinson prior to March 18 was not admissible.
*1192 We believe the evidence of the previous recent assault by Robinson should have been admitted, for two reasons. Jenkins took the position that Robinson assaulted him on March 18 and to bolster the credibility of that position was entitled to show that Robinson had attacked him in the same fashion just two days before. And, Jenkins also maintained that Robinson was biased against him and gave false testimony against him. On cross-examination, Jenkins was entitled to try to establish Robinson’s bias by the recent assault.[1]
The First District in dealing with a similar situation has held:
. . it is equally erroneous to exclude from evidence testimony concerning a recent violent assault made by a deceased upon the person of a defendant of such nature as might have resulted in death or serious bodily injury. This is particularly true when the evidence is conflicting upon the question as to who began the difficulty, and such prior assault tends to explain or give meaning to the words or actions of the deceased which occurred immediately prior to the killing, and tends to justify the defendant’s apprehension that he was in danger of death or bodily injury.[2]
Several witnesses testified that Jenkins was the aggressor in the March 18 fight, but Jenkins testified to the contrary. This testimony is sufficient to create an issue. It may be that a jury will again find Jenkins’ testimony unbelievable, even with evidence of the previous assault. It may even be that the evidence of the previous assault will be construed as giving Jenkins a motive for later attacking Robinson and hence work against Jenkins. But these are all matters for a jury to decide, not this court.
Jenkins was also charged with carrying a concealed weapon. He claims error by the trial court in instructing the jury that manual possession of a pistol without a license was a lesser included offense. We agree. Manual possession of a firearm without a license is not a necessarily included lesser offense of carrying a concealed weapon. In addition, no allegation was made in the charging document of this offense and no proof was adduced at trial.
Accordingly, the judgment of conviction for aggravated assault is hereby reversed for a new trial; and the judgment of conviction for manual possession of a pistol without a license is hereby reversed with directions that the conviction be vacated.
DOWNEY, J., and DEAN, ROY E., Associate Judge, concur.

. McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977).

. Coker v. State, 212 So.2d 648 (Fla. 1st DCA 1968).