PER CURIAM.
We deny the petition for certiorari.
This case has a long procedural past. Petitioner first filed a petition for writ of certiorari in March of 1986. At issue was an order by the trial court, denying petitioner’s motion to strike an assistant state attorney’s name from the defendant’s witness list. The petition resulted in a per curiam opinion by a panel of this court, in State v. Johnson, 490 So.2d 1076 (Fla. 4th DCA 1986), denying the writ on jurisdictional grounds, on the authority of Jones v. State, 477 So.2d 566 (Fla.1985). We did, however, certify to the Florida Supreme Court the issue of certiorari jurisdiction based on our earlier certification of State v. Thayer, 489 So.2d 782 (Fla. 4th DCA 1986).
The Florida Supreme Court then addressed the certified questions, finding that there was certiorari jurisdiction to review non appealable interlocutory orders in criminal cases, provided they show a departure from the essential requirements of law. State v. Johnson, 520 So.2d 570 (Fla.1988). Upon receipt of the Supreme Court’s mandate in this case, we proceeded with the State’s petition for writ of certiorari, after receipt of a response and reply on the merits.
Respondent was charged with first degree murder and armed robbery. He filed a list of witnesses which included Ken Sel-vig, Assistant State Attorney, as a witness for his defense. Petitioner State filed a motion to quash subpoena and strike Selvig from the witness list. At the hearing, respondent Johnson through counsel argued that Selvig’s testimony was relevant on the reputation for truth of a prosecution witness Officer Sheridan. Officer Sheridan had taken respondent’s oral confession, and thus was a key prosecution witness. Ken Selvig had prosecuted Officer Sheridan for perjury in another matter.
The trial court entered an order, denying the petitioner/State’s motion to strike Sel-vig from the witness list for respondent/defendant. Petitioner seeks relief from this order. We conclude the trial court erred in denying the State’s Motion to Strike Selvig from the witness list for the reasons recited in Parker v. State, 458 So.2d 750 (Fla.1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985). Selvig’s knowledge came primarily from his role as a prosecutor and is based in part upon conversations with others in the legal *844 prosecution and defense and law enforcement community.
However, although we find error, we also conclude the error in this case is not substantial enough to fatally infect the judgment and render it void. See State v. Smith, 118 So.2d 792, 795 (Fla. 1st DCA 1960). See also Combs v. State, 436 So.2d 93 (Fla.1983).
LETTS and GLICKSTEIN, JJ., concur.
ANSTEAD, J., concurs in conclusion only.