PER CURIAM.
Sixteen-year-old Lamont Laffman was injured when knocked from his moped by an automobile being operated by the appellee, Harry G. Sherrod. Laffman brought this personal injury action against Sherrod, a retired police officer, alleging negligent operation of a vehicle. This appeal is brought from a judgment entered in accordance with a jury verdict finding the defendant not liable.
Among the issues raised at trial were (1) whether Laffman’s headlamp was operable and lighted at the time of the accident, and (2) whether Laffman’s leg fractures were caused by dragging his feet to avoid the collision rather than by blunt trauma caused by Sherrod’s vehicle. Two issues in this appeal are presented by the court’s evidentiary rulings favorable to the defendant on those points. A third issue arises from cross-examination of the plaintiff’s mother which elicited a response that the plaintiff had been confined to a juvenile detention center for a period of time following the accident. All three points have merit and, considered cumulatively, necessitate a new trial.
First, Officer Zarraga, who arrived on the scene several minutes after the collision gave an opinion that the headlamp on Laffman’s moped was not on at the time of the accident. He admittedly was not qualified as an expert. The error was compounded when the court prohibited cross-examination of the officer, as to the basis for his opinion, on grounds that he was not an expert. In precluding cross-examination of Zarraga on the headlamp subject, the court was of the view, erroneously, that the officer’s statement that the headlamp was not operating, constituted a factual observation. It was not. The officer’s opinion, based on a field examination of the broken headlamp, was one he was not competent to render. Husky Indus. Inc. v. Black, 434 So.2d 988 (Fla. 4th DCA 1983) (expert opinion is not admissible at all unless witness has expertise in area in which his opinion is sought).
*762 Second, Rafael Dooman, an accident reconstructionist and metallurgist, was permitted to render an opinion, based on an examination of orthopedic x-rays, that Laffman’s injuries were caused by what he termed a “Flintstone maneuver,” i.e., dragging of the feet to brake the moped. Dooman testified that his “static reconstruction” was based on a “fracture mechanics study.” The trial court correctly excluded the static reconstruction study as dependent on radiology or orthopedic medicine which were not part of Dooman’s training or experience. Inconsistently, however, the trial court, over the plaintiffs objection, allowed Dr. Dooman to render his causation opinion which was based on the same fracture analysis included in the static reconstruction which had been excluded as evidence. It was error to admit the challenged opinion of Mr. Dooman for the same reason it was error to admit the opinion testimony of Officer Zarraga.
Finally, by a pretrial motion for an order in limine, the plaintiff requested that no mention be made of the fact that the plaintiff had been confined to a detention center during a period after recovery from the accident. On cross-examination that information was elicited, nevertheless, from the plaintiffs mother:
Q. Now, this second admission to the hospital with Lamont, do you remember that, ma’am?
A. Yes.
In July?
A. July sometime.
Q. Right. Did you go with him?
A. I was at work.
[[Image here]]
Q. 17:59 is 5:59 in the afternoon?
A. In the afternoon.
Q. Yes. You didn’t go with him on the second admission ma’am?
A. No.
Q. You would have been home from work by then?
A. Yes.
Q. Now, how did he get to the hospital, do you know? You were caring for him all this time?
A. I was informed at the job and they told me that they had took Lamont over to Jackson.
Q. Who ?
A. The detention center.
[Emphasis supplied]. Appellant argues that the defense already knew, because of pretrial arguments, the answers to the line of questions propounded, that the ultimate response would violate the pretrial in li-mine order, that the response would be extremely prejudicial, and that the response would have no probative value on any disputed material fact.
Evidence of prior criminal acts or bad character is generally inadmissible as evidence. § 90.404(1), Fla.Stat. (1989). The appellee has not persuaded us that the bad character evidence has probative value which substantially outweighs its inherent prejudice. See Brown v. Sims, 538 So.2d 901 (Fla. 3d DCA), rev. granted, 547 So.2d 635 (Fla.1989). Further, evidence of a juvenile’s prior criminal acts or bad character is inadmissible. Botte v. Pomeroy, 497 So.2d 1275 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 15 (Fla.1987); § 90.610, Fla.Stat. (1989).
We believe that the series of erroneous evidentiary rulings discussed above constituted substantial prejudicial error and requires a new trial. Botte.
Reversed and remanded.