Herbert SHESSEL, Madlyne Shessel, his wife, Plaintiffs–Appellees,

v.

Joseph H. MURPHY, Jr., as Personal Representative of the Estate of Mary Calhoun, deceased, Defendant–Appellant.

No. 89–5652.

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 1991.

Edwin P. Krieger, Howland & Krieger, Coral Gables, Fla., for defendant-appellant.

Sharon L. Wolfe, Marc Cooper, Cooper, Wolfe & Bolotin, P.A., Miami, Fla., for plaintiffs-appellees.

Before ANDERSON and EDMONDSON, Circuit Judges and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

## INTRODUCTION

Appellant Joseph H. Murphy, Jr., as personal representative of the estate of Mary Calhoun, appeals a final judgment entered in favor of appellees/plaintiffs, Dr. Herbert Shessel and his wife, Madlyne Shessel. Dr. Shessel was injured when his golf cart collided with an automobile driven by Mrs. Calhoun. The Shessels sued for damages, alleging that Mrs. Calhoun was negligent in operating her vehicle. Mrs. Calhoun, in turn, raised the issue of Dr. Shessel's comparative negligence.

Prior to trial, plaintiffs moved in limine to preclude the introduction of evidence regarding collateral source payments made to Dr. Shessel. This motion was granted. Defendant asserts that the court below erred in granting this motion in limine.

At trial, the district judge directed a verdict for Dr. Shessel on the issue of Mrs. Calhoun's negligence, and against Mrs. Calhoun on the issue of Dr. Shessel's comparative negligence. The latter directed verdict the defendant cites as error.

The issue of damages was put to the jury, and it returned a verdict in favor of Dr. Shessel for $560,000 and in favor of Mrs. Shessel for $40,000 on her derivative claim.

Defendant appeals to this Court and seeks a new trial on all issues, including damages. We hold that the trial court erred in directing a verdict as to comparative negligence. We find, however, no error in the court's granting of plaintiffs' motion in limine.

## DISCUSSION

### A. Collateral Source Rule

The applicable Florida law regarding collateral source payments was as follows:

> In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources *paid* to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits *received* by the claimant from any collateral source.

Fla.Stat. § 627.7372(1) (1983) (emphasis added).[1]

■ This statute permits the admission into evidence of only past payments of benefits, those already received by the plaintiff; it does not allow evidence of payments to be made in the future. *Jeep Corp. v. Walker*, 528 So.2d 1203, 1206 (Fla.Dist.Ct. App.1988). There is no indication whatsoever that the Florida Supreme Court would decide this issue differently. *See Fla. Physician's Ins. Reciprocal v. Stanley*, 452 So.2d 514, 515 (Fla.1984) (construing similar statute applicable only in medical malpractice actions, Florida Supreme Court held damages awards were to be reduced only by amount of benefits already paid, not by any future benefits plaintiff could receive). Thus, the trial court did not err

in granting plaintiffs' motion in limine and excluding evidence of disability payments to be made in the future.

■ Defendant argues that she should have been able to introduce payments made in the past despite the plaintiffs having waived their claims for past medical expenses, past lost wages and property damage to the golf cart, all the expenses for which they had received collateral source payments. Since evidence of collateral source payments is allowed only to establish a set-off for damages awarded for the same expenses, defendant's argument has no merit and was rejected by this Court in *Ganley v. United States*, 878 F.2d 1351, 1355 & n. 6 (11th Cir.1989). As long as the plaintiffs do not seek to recover for expenses already covered by collateral source payments, evidence of those past payments is simply irrelevant to any issue before the court. *Id. See also Purdy v. Gulf Breeze Enters.*, 403 So.2d 1325, 1329 (Fla.1981) (purpose of § 627.7372(1) only to prevent double recovery by injured plaintiff of money equitably belonging to insurer). Therefore, the district court properly precluded evidence of all collateral source payments paid to the plaintiffs.

### B. Directed Verdict on Comparative Negligence

■ A directed verdict is appropriate only when the evidence is such that, without weighing the credibility of witnesses, there can be but one reasonable conclusion as to the verdict. *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). On appeal from an order granting a motion for directed verdict, we must consider the evidence in the light most favorable to the party opposing

---

**1.** In 1986, the Florida legislature passed the following law:

> Florida Statute 768.76 Collateral Sources of Indemnity—Subsection 1—In any action to which this part applies in which liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant *or which are otherwise available to him*, from all collateral sources;

however, there shall be no reduction for collateral sources for which a subrogation right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he is receiving as a result of his injury.

Fla.Stat. § 768.76(1) (emphasis added). Defendant concedes that the 1986 amendment does not apply to the instant case.

the motion. *Pelletier v. Stuart–James Co.*, 863 F.2d 1550, 1554 (11th Cir.1989).

Dr. Shessel was injured when Mrs. Calhoun's car struck the golf cart Dr. Shessel was driving. The road on which they were traveling was a private road in a resort complex. There was conflicting evidence as to whether golf carts were required at night to be operated on the roadway or the golf cart paths which ran alongside the road. There was further testimony tending to prove that, at the time of the accident, Dr. Shessel was operating his golf cart without a headlight, even though it was dark.

A reasonable view of this evidence could be that Dr. Shessel, in driving his cart without a light and on the main road rather than on the cart path, contributed substantially to the accident that occurred. Accordingly, the trial court erred in directing a verdict for Dr. Shessel on the issue of his comparative negligence. *Morrison v. C.J. Jones Lumber Co.*, 126 So.2d 895, 896–97 (Fla.Dist.Ct.App.1961) (evidence that defendant was driving with burned-out headlight constitutes prima facia case of negligence and, notwithstanding plaintiff was driving down center of road, directed verdict was inappropriate); *Ellison v. Cribb*, 271 So.2d 174, 176–77 (Fla.Dist.Ct.App.1972) (whether truck driver should have seen motorcyclist operating without headlight, whether truck was operated negligently, and whether motorcyclist was negligent cause of collision in riding without headlight were all questions for jury), *cert. denied*, 272 So.2d 160 (Fla.1973).

C. *New Trial*

Defendant contends that, having held the verdict on Dr. Shessel's possible negligence was improperly directed against her, we should grant her a new trial as to all issues, not just comparative negligence. Plaintiffs argue that the original jury verdict on damages should stand. After partial retrial, they argue, the court could simply reduce the original award to reflect the comparative negligence, if any, found at the new trial.

■ A partial new trial under Fed.R. Civ.P. 59(a) may not properly be held unless it clearly appears that the issue to be retried is so distinct and separable from the other issues that a trial of it alone may be had without injustice. *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931).

In *Hatfield v. Seaboard Air Line Railroad Co.*, 396 F.2d 721 (5th Cir.1968), the court held that a jury verdict awarding nominal damages could not stand because the plaintiff had made an uncontroverted showing of substantial damages. The jury, apparently confused by the contributory negligence issue in that case, attempted to express its ideas on liability and the comparative negligence of the parties through its award of damages. *Id.* at 723.

■ Although there is no award of nominal damages in the case at bar and no manifest jury confusion, we find that the improper direction of the verdict as to comparative negligence may well have affected the jury when it deliberated on the damages it finally chose to award. Thus, liability in this case does not clearly appear so distinct and separable from the damages issue that a partial trial may be had without injustice. *See Draper v. Airco, Inc.*, 580 F.2d 91 (3rd Cir.1978); *Romer v. Baldwin*, 317 F.2d 919, 923 (3rd Cir.1963). Accordingly, we hold that the defendant is entitled to a new trial on all issues, including damages.

CONCLUSION

The district court's ruling granting the motion in limine is AFFIRMED. We REVERSE the final judgment for the plaintiffs and REMAND for a new trial on all issues.