625 So.2d 850 (1993)
Gary ODOM, Appellant,
v.
Thomas F. CARNEY, Appellee.
No. 91-3215.
District Court of Appeal of Florida, Fourth District.
July 28, 1993.
Rehearing Denied November 15, 1993.
Gary H. Marks of Law Offices of Gary Marks, Fort Lauderdale, for appellant.
Rosemary Wilder of Law Offices of Richard A. Sherman, P.A., and Jack Frost of Gunther & Whitaker, P.A., Fort Lauderdale, for appellee.
*851 FARMER, Judge.
We affirm on all issues except for the setoff issue. In this vigorously contested case arising from an automobile collision, the jury found no permanent injury and that plaintiff's reasonable and necessary medical expenses and lost earnings together totalled $20,000. Defendant filed a post trial motion for a setoff for personal injury protection [PIP] benefits of $10,000. Plaintiff argued that the jury did not have all of his medical expenses, that there was no way of telling how much of the $20,000 represented medical expenses as opposed to lost earnings, and that therefore a setoff for the $10,000 PIP benefits would be error. The trial court granted the motion.
The problem with the motion is both procedural and necessarily substantive. The parties consented to a verdict form that called for the jury to lump medical expenses and lost earnings together in a single factual finding. Plaintiff introduced medical bills totalling $38,259, and he also claimed lost earnings as shown by his tax returns of $19,305.[1] Hence the jury's undifferentiated finding of $20,000 could have included all of the claimed lost earnings and medicals of $695. In any event, the verdict fails to tell us how much of the $20,000 is for medicals and how much is for earnings.
It seems to us that the two issue rule should bar defendant from asserting the PIP setoff. Under the two issue rule, when multiple issues are submitted for resolution to the jury in a general verdict form, and one of the issues is without error, then the court must presume that all issues were decided in favor of the prevailing party, thereby requiring that the final judgment be affirmed. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977); Florida East Coast Railway v. Gonsiorowski, 418 So.2d 382 (Fla. 4th DCA 1982), rev. denied, 427 So.2d 736 (Fla. 1983).[2] The very reasons which make this undifferentiated award of different kinds of economic damages impervious to post trial attack by way of remittitur strongly suggest that it could not be reduced by the motion for a setoff.
Our inability to discern precisely what the damage award represents matters because, contrary to defendant's argument, we do not read applicable Florida statutory law[3] to authorize a PIP set off where the jury has not compensated plaintiff for medical expenses. We thus quite agree with the holding of the federal court in Shessel v. Murphy, 920 F.2d 784 (11th Cir.1991), and Ganley v. United States, 878 F.2d 1351 (11th Cir.1989), that there must first be an award by the jury of damages for which collateral sources are available before any collateral source setoff may be made.
REVERSED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Plaintiff argues that in light of this evidence the jury's verdict finding no permanent injury, on the one hand, and $20,000 in medical expenses and lost earnings, on the other, is inconsistent. We agree that he has waived the argument by his failure to object before the jury was discharged. See Moorman v. American Safety Equipment, 594 So.2d 795, 799-800 (Fla. 4th DCA), rev. denied, 606 So.2d 1164 (Fla. 1992).
[2] In Barhoush v. Louis, 452 So.2d 1075 (Fla. 4th DCA 1984), we applied the rule in an analogous context. There the verdict did not distinguish between economic and noneconomic damages. Defendant challenged the evidence supporting economic damages but raised no claim of error as to the noneconomic damages. We affirmed, specifically applying the two issue rule. Barhoush represented, as we candidly stated, an extension of the rule. The reasons that justified the extension operate with full force here.
[3] Defendant cited section 627.736(3), Florida Statutes (1991), for the proposition "an injured party has no right to recover any damages for which [PIP] benefits are paid or payable." That is certainly what the statute says, but here defendant consented to a verdict form that asked the jury to ascertain these very damages. If, as the statute visibly says, the court gave a corresponding instruction not to include any medical damages that represented PIP benefits, then surely no setoff would have been proper even if the entire $20,000 represented medical expenses. If no such instruction was given, then as we have just held the two issue rule stands in the way of the setoff.