POLEN, Judge.
Treal Group, Inc. (Treal), as lessor, sued Custom Video Services, Inc., d/b/a Hollywood Multimedia Centre, and Jesse May (collectively, Custom), as lessee, alleging breach of a commercial lease and damages. In these consolidated appeals, Treal appeals four purported trial errors which it contends require reversal of a judgment in favor of Custom. Custom appeals the trial court’s denial of attorney’s fees under the lease.
We have carefully considered the points raised by Treal, directed to the manifest weight of the evidence, the trial court’s failure to give a requested jury instruction, allegedly improper ex parte communications between the judge and jury, and a claimed inconsistency in the jury’s verdict. Treal’s points on appeal either do not require reversal, or alternatively, were waived by failure to make a timely objection.
On Custom’s appeal of the denial of attorney’s fees, we reverse. Although the trial court’s order does not state a reason for the denial of fees, Treal had argued the jury’s *1231 verdict must have been based on Custom’s claim that the lease is invalid. Since any entitlement to attorney’s fees would have been based on the lease provision, Treat contends, a jury verdict finding the lease invalid would preclude an award of fees. David v. Richman, 568 So.2d 922 (Fla.1990) (noting a party is precluded from claiming attorney’s fees under a contract found to have never existed).
The verdict form submitted to the jury, however, was a general one which contained a finding for Custom without specifying the basis for so finding. Custom argued, and the case was submitted to the jury on two grounds: (1) the lease was invalid; and (2) Custom was not liable because of nonperformance of a condition.
In Odom v. Carney, 625 So.2d 850 (Fla. 4th DCA 1993), this court stated that “[u]n-der the two issue rule, when multiple issues are submitted for resolution to the jury in a general verdict form, and one of the issues is without error, then the court must presume that all issues were decided in favor of the prevailing party-” Id. at 851. Because both issues were presented to the jury by Custom, and the jury could have found for Custom on either ground, but entered a general verdict, the two-issue rule of Odom applies here. The trial court could not look beyond the jury’s verdict and speculate it found the lease invalid. As the lease had a valid prevailing party attorney’s fee provision, Custom was entitled to an award of fees as the prevailing party.
We affirm the judgment in favor of Custom on the jury verdict, but reverse the denial of attorney’s fees and remand for the trial court to award Custom its reasonable fees.
PARIENTE and STEVENSON, JJ., concur.