PER CURIAM.
Affirmed. Kim Mendez (plaintiff) was injured in an automobile collision with Edward Cain, who was employed by John Caddell Construction Company. She sued Cain and Caddell Construction (defendants) for injuries caused when her silicone breast implants ruptured during the collision. . Following a verdict for the plaintiff (which was reduced by her comparative negligence), the defendants sought to amend the verdict by requesting setoffs for the plaintiffs previously-received PIP benefits ($10,000) and for a prior settlement in the plaintiffs class action suit against the implant manufacturer ($50,000).
With the instruction given here, the jury could have deducted the $10,000 in PIP benefits from the future medical damages portion of the award. Thus, the two-issue rule mandates our affirming the verdict. See Odom v. Carney, 625 So.2d 850 (Fla. 4th DCA 1993). The trial court’s denial of the defendants’ request for a $10,000 setoff was proper.
Additionally, the trial court properly denied a setoff based on the $50,000 settlement the plaintiff had received pursuant to a class action suit. The class action defendant and the instant defendants were not joint tortfeasors, and the damages (injuries) claimed in the two cases were not the same; thus, in our view, a setoff under section 768.041(2), Florida Statutes, was not appropriate. See, e.g., Lauth By and Through Gadansky v. Olsten Home Healthcare, Inc., 678 So.2d 447 (Fla. 2d DCA 1996).
Therefore, we affirm the trial court’s denial of the defendants’ request for these setoffs, and affirm the verdict below.