771 So.2d 550 (2000)
Florayme GARCIA, etc., Appellant,
v.
Henri KONCKIER, etc., et al., Appellees.
Nos. 3D99-431, 3D98-3091.
District Court of Appeal of Florida, Third District.
August 9, 2000.
Motion for Clarification Denied December 6, 2000.
Jeffrey Shapiro; Barbara Green, Coral Gables, for appellant.
Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Gregory M. Cesarano, *551 Miami; Pivnik & Nitsche, Miami, for appellees.
Before JORGENSON and GREEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
The personal representative of the Estate of Danilo Jesus Bobillo appeals from a final judgment awarding damages in an action for negligent security. For the following reasons, we reverse and remand for a new trial on both liability and damages.
The decedent was shot to death in the parking lot of the Apache Bar and Grill, which is located in the Concord Shopping Plaza. The shooting happened during an altercation between the decedent and his friends, all of whom were patrons of the bar, and a driver whose Camaro was apparently blocked by another car in the parking lot. There was conflicting evidence as to whether decedent and his friend, both large men, attempted to prevent the Camaro from leaving the parking lot. When decedent's friend displayed a gun he had concealed in his waistband, the driver of the blocked Camaro shot and killed the decedent and wounded the decedent's friend. The decedent's personal representative sued the bar and the property owner based on a claim that those allegedly responsible for maintaining security knew that the Apache Bar patrons regularly and drunkenly spilled out of the confines of the bar into the parking lot, yet neither the bar nor the property owner provided any security.
During trial, over plaintiff's multiple objections, the trial court repeatedly allowed the defendants to smear the character of the decedent. At the outset, the court denied plaintiff's motion in limine to prevent the defense from suggesting to the jury that decedent was a member of a gang. Because of that ruling, the term "gang" or "gang member" was used throughout the trial and during defendants' opening and closing arguments to refer to the decedent and the friends he was with the night he was shot and killed.[1] Much of the testimony focused on suggested prior criminal behavior of the decedent and his companions, which was irrelevant to this case. The focus on the victim's character constitutes reversible error. See Smith v. Hooligan's Pub & Oyster Bar, Ltd., 753 So.2d 596 (Fla. 3d DCA 2000). In Smith, a case also premised on negligent failure to provide adequate security at a bar and restaurant, this court held that evidence of a bar patron's purported bad character was inadmissible to prove that the decedent had acted in conformity with that bad character at the time of the incident. Id. at 599. See also §§ 90.404(1)-(2), Fla. Stat. (1996); Charles W. Ehrhardt, Florida Evidence, § 404.3 (2000 Edition) ("In civil actions, character evidence is inadmissible to prove that a person acted in conformity with his or her character, i.e., to prove a person's conduct.")
Moreover, over plaintiff's objection, the trial court allowed one witness, a police officer, to testify that he had been told that the decedent often got into verbal altercations and fights in bars. This testimony was clearly inadmissible and highly prejudicial. See Stripling v. State, 349 So.2d 187, 192 (Fla. 3d DCA 1977) ("It is inappropriate for one who is a detective or stranger sent out to learn the character of a witness to be permitted to testify as to the result of his or her inquiries.").
Although we reverse on the main appeal for a new trial on liability and damages, we affirm on the cross-appeal, as the issue of foreseeability in this case was a disputed question of fact to be decided by the jury. The remaining points on appeal are either *552 without merit, or need not be addressed in light of this opinion.[2]
Reversed and remanded for a new trial.
NOTES
[1] Even in oral argument, appellate counsel for the defendants repeatedly used the terms "gang" and "gang member."
[2] We are confident that a thorough and appropriate interrogatory verdict form will be provided when this matter is retried.