774 So.2d 760 (2000)
Cleveland JOHNSON, Appellant,
v.
Stephen M. LaSALLE and Regal Insurance Company, a foreign insurer, Appellees.
No. 4D00-205.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Rehearing Denied January 18, 2001.
Herbert F. Storch of Herbert F. Storch P.A., Plantation, for appellant.
Paul H. Field of Lane, Reese, Aulick, Summers & Field, P.A., Coral Gables, for appellee Stephen M. LaSalle.
FARMER, J.
In this case involving a motor vehicle striking a pedestrian, the parties agreed to *761 a general verdict form in which all damages, both economic and noneconomic, were aggregated into a single sum. Plaintiff sought both economic and noneconomic damages from the jury. After an undifferentiated verdict of $66,500 in damages in which plaintiff's comparative negligence was set at 90%, defendant sought a setoff of $10,000 for economic damages, PIP payments, already made by the insurer. The trial court granted the motion. Just as we did in Odom v. Carney, 625 So.2d 850 (Fla. 4th DCA 1993), and Barhoush v. Louis, 452 So.2d 1075 (Fla. 4th DCA 1984), on similar facts as regards this procedural issue, we reverse the setoff and remand for judgment in the amount of $6,650.
The two-issue rule bars a party from contending that the undifferentiated award of total damages represents all or any part of plaintiffs economic damages. See Odom, 625 So.2d at 851 (verdict fails to state how much of $20,000 is for medicals and how much is for earnings); Barhoush, 452 So.2d at 1077 (general verdict of $1.8 million fails to state amount, if any, awarded for economic loss). In point of fact, the amount of the jury's award here exceeds the economic damages sought by plaintiff, and is well below the total noneconomic damages she was seeking.
The general verdict in Odom prevented us from discerning how much the jury had actually awarded for different kinds of economic damages, only one kind of which would have required a PIP setoff. The present case presents the same kind of damages problem as Odom in the context of a PIP setoff. If a defendant desires to preserve the right to a PIP setoff, then an itemized verdict should be used to enable the actual economic damages to be ascertained without speculation. We therefore reach the same result as Odom and reverse the setoff.
GUNTHER and STONE, JJ., concur.