MONACO, J.
The appellant, Alvin Dean, was indicted for the first-degree murder of Herman “Poppy” Bellot, and for an aggravated assault on a third party. He was tried by a jury and found guilty of the lesser included offense of third-degree murder, and of aggravated assault. The jury made a specific finding that Dean possessed and discharged a firearm in causing the death of Mr. Bellot, and that he possessed a firearm during the commission of the aggravated assault. He was sentenced to prison for a term of life as an habitual felony offender for the homicide, and ten years concurrently for the aggravated assault.
While Dean raises a number of issues for our consideration, only one merits discussion. According to the testimony, Poppy Bellot and his nephew, Kenel Bellot, were wholesale drug dealers who sold crack cocaine to street-level dealers. Dean was a customer of the Bellots. Dean testified that the victim accused him of stealing some drugs, produced a handgun, and struck Dean in the face with the gun, leaving no apparent marks. A struggle ensued during which the gun went off killing Mr. Bellot. Dean stated that he then took the gun and ran out of the apartment.
Kenel Bellot testified that he heard a scuffle in his uncle’s apartment and heard a gunshot. His uncle ran from the apartment, called his nephew by name, and said, “This guy shot me.” Dean was standing in the yard with a gun in his hand and, after being confronted by Kenel Bellot, pointed a gun at him. After Kenel Bellot took cover, Dean ran off.
Dean’s entire defense was that he shot and killed the victim in self defense. According to Dean, the victim was known as a drug dealer in the community and had a reputation for violence. To support that part of its position concerning the victim’s reputation, the defense called as a witness, Robert Gross, a customer of the Bellots. He testified that he had seen weapons at the victim’s apartment, including a hand gun and shotgun. He further stated that the victim always kept a weapon close by.
In rebuttal, the State recalled Gross, who then told the jury that he never knew the victim to be a violent person. Mr. Gross characterized the victim as kind and rather meek.
The State concluded its rebuttal by calling Detective Eld, the officer assigned to investigate the shooting, who testified over objection by the defense as follows:
Q. Okay. Did you talk to a number of people during the investigation to what had happened there?
A. Yes.
Q Okay. And did you, while you were talking to people — do a lot of these people know Poppy?
A. Yes.
Q Did you ever hear anyone say anything about him being violent?
A. No, not at all.
On cross-examination, the detective admitted that he never asked specifically if the victim was violent. He asked only if those he talked to knew any reason why anyone would want to hurt him.
Dean asserts that the allowance by the trial court of Detective Eld’s testimony was error. He argues that it was improper to allow this testimony to go to the jury because the witness was not a part of the same community as the person whose reputation was at issue.
The admissibility of character evidence is governed by section 90.404, Florida Statutes (2002). Generally, evidence of *928 the character of a victim is inadmissible. See Hayes v. State, 581 So.2d 121, 126 (Fla.), cert. denied, 502 U.S. 972, 112 S.Ct. 450, 116 L.Ed.2d 468 (1991); Ruland v. State, 614 So.2d 537 (Fla. 3d DCA 1993); Charles W. Ehrhardt, Florida Evidence § 404.6 (2002 ed.). Subsection (1)(b) of that statute, however, allows character evidence to be introduced to prove the conduct of the victim when that conduct is a material issue. The most common circumstance in which victim conduct is relevant is when self defense is relied upon by the defendant. Ehrhardt, supra, § 404.6. Thus, the victim’s violent character may be admissible to demonstrate that at the time of the crime the victim acted in conformity with his character. See Pino v. Koelber, 389 So.2d 1191 (Fla. 2d DCA 1980).
Section 90.404(l)(b)(2), authorizes the introduction by the prosecution of the reputation of the peacefulness of a victim in a homicide case to rebut evidence that the victim was the aggressor. In the present ease the defendant made the victim’s alleged violent character an issue, and the State was clearly permitted to offer rebuttal evidence reflecting his peaceful nature.
Traditionally, character is proved by evidence of the individual’s reputation in the community for the character trait involved. Ehrhardt, supra, § 405.1. As Professor Ehrhardt points out:
Character is distinct from reputation; reputation is evidence of character. When many people in the community discuss and compare an issue, it is felt that the resulting community opinion is trustworthy. Since reputation is the product of what is generally discussed in the community, the witness’s personal experiences and observations are excluded.
Ehrhardt, supra, § 405.1.
There are a number of problems apparent in Detective Eld’s testimony. First, there is no evidence that he is a member of the relevant community such that he would have the requisite knowledge of the community opinion regarding Mr. Bellot’s reputation for violence. If the State wished to prove the victim’s reputation for peacefulness, then it should have called Mr. Bellot’s neighbors or other qualified persons within the community. Stripling v. State, 349 So.2d 187, 192 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla.1978). Second, the State failed to lay the foundation that Detective Eld was aware of the victim’s reputation in the community. See Hoffman v. State, 708 So.2d 962, 966 (Fla. 5th DCA 1998). Here, the detective based his testimony on the fact that no one told him that Mr. Bellot was violent, even though he never asked. Finally, it is generally inappropriate for one who is a detective and who gains his knowledge of a person’s reputation solely through his official position to be allowed to testify in this respect. See Parker v. State, 458 So.2d 750, 753-54 (Fla.1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985); Garcia v. Konckier, 771 So.2d 550 (Fla. 3d DCA 2000); Young v. State, 598 So.2d 163 (Fla. 3d DCA 1992); Wolack v. State, 464 So.2d 587 (Fla. 4th DCA 1985), pet. for rev. denied, 476 So.2d 676 (Fla.1985); Stripling; see also State v. Johnson, 540 So.2d 842 (Fla. 4th DCA 1988).
Although the admission of the reputation testimony of the detective was erroneous, we have concluded that it had no effect on the jury verdict, and for that reason, the error is harmless. For an error to be deemed harmless, the reviewing court must review the entire record and determine that there was no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The transcript of the trial and the items admitted into evi *929 dence convince us that this was the case. The record reveals that the evidence of Dean’s guilt was strong, the specific reputation testimony of Detective Eld was an insignificant part of the trial, and the defense cross examination of the detective with respect to the basis for his testimony was effective.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.