[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14709

_____

D.C. Docket No. 3:09-cv-11128-WGY-JBT

PATRICK O. GRIFFIN,

Plaintiff-Appellee,

versus

PHILIP MORRIS USA, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 17, 2018)

Before TJOFLAT and JULIE CARNES, Circuit Judges, and KAPLAN,[*] District

Judge.

PER CURIAM:

_____

[*] Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

This case arises from the *Engle* line of litigation involving illnesses allegedly caused by addiction to cigarettes. After our recent decision in *Graham*, the sole remaining issue concerns whether the District Court erred by refusing to amend the judgment under Federal Rule of Civil Procedure 59(e) to reflect a contractual discount to the cost of a lung transplant.[1] We hold that the District Court did not abuse its discretion in refusing to amend the judgment.

I.

The relevant facts are as follows. Patrick Griffin instituted this action alleging that he developed chronic obstructive pulmonary disease because of his addiction to cigarettes manufactured by Philip Morris. As a result of the disease, Griffin underwent a lung transplant at the University of Wisconsin Hospital ("UWH"). Griffin received a bill of $345,081.27 for the transplant and associated care on July 28, 2009. The bill, however, stated that the claim was "payable under the global package rate specified in the contract between [UWH] . . . and VA HOSPITAL," which reduced the "[t]otal reimbursement" to $154,457.00.

---

[1] Defendant argues that federal law preempts the strict liability and negligence claims brought under Florida law. In *Graham*, we held that "federal tobacco laws do not preempt state tort claims based on the dangerousness of all the cigarettes manufactured by the tobacco companies." *Graham v. R.J. Reynolds Tobacco Co.*, 857 F.3d 1169, 1186 (11th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 646 (2018). Our decision in *Graham* resolves this issue. The claims are not preempted.

In the alternative, the defendant argues that it is entitled to a new trial because the District Court failed to instruct the jury that Philip Morris cannot be held liable for the mere advertisement, sale, or manufacture of cigarettes. *Graham* forecloses this argument as well. *Id.* at 1182–83.

Despite this contractual discount, the parties stipulated at trial that UWH charged the plaintiff $345,081.27 for the lung transplant, the undiscounted amount. The District Court accordingly instructed the jury that "[t]he amount of the plaintiff's past medical expenses is $584,200.53," which included the undiscounted cost of the lung transplant. The jury found for the plaintiff and awarded him $1,268,402 in compensatory damages, with the fault allocated equally between the plaintiff and defendant. It issued this award in a general verdict, which did not differentiate between the various economic and non-economic damages. The District Court entered judgment against the defendant on July 17, 2014 and awarded $634,201 in damages.[2]

A month later, on August 14, 2014, the defendant filed a motion under Rule 59(e) to reduce the damages in the judgment by $95,312.13 to reflect the contractual discount the VA Hospital received in paying for the plaintiff's lung transplant. The District Court denied the motion on the ground that "amend[ing] the judgment as Defendant requests would be an exercise in impermissible speculation" because "[t]he general verdict returned by the jury does not state how much, if any, the jury awarded Plaintiff for past medical expenses."

---

[2] The District Court entered an amended judgment against the defendant on November 5, 2014 that awarded the plaintiff $547,851.60 in damages and attorney fees.

II.

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).

We see no abuse of discretion in this case. We have held that collateral benefits must be subtracted from the "portion of a verdict representing the same item of damages," not the "total verdict." *Ganley v. United States*, 878 F.2d 1351, 1353–54 (11th Cir. 1989). In accordance with this principle, where the defendant has failed to obtain a special verdict, the Florida courts have refused to setoff collateral source payments to avoid "speculation." *Johnson v. LaSalle*, 774 So. 2d 760, 761 (Fla. Dist. Ct. App. 2000); *see also Midtown Enters., Inc. v. Local Contractors, Inc.*, 785 So. 2d 578, 582–83 (Fla. Dist. Ct. App. 2001); *Magsipoc v. Larsen*, 639 So. 2d 1038, 1042–43 (Fla. Dist. Ct App. 1994); *Odom v. Carney*, 625 So. 2d 850, 851 (Fla. Dist. Ct. App. 1993). Therefore, because of the general verdict in this case,[3] the District Court did not abuse its discretion in denying the Rule 59(e) motion to amend the judgment out of concerns with speculation.

**AFFIRMED.**

---

[3] Defendants did not object to the use of a general verdict at trial.

4