389 So.2d 682 (1980)
BUTLER PLAZA, INC., a Florida Corporation, Now Known As Gulfside Development Corporation, Appellant/Cross Appellee,
v.
ALLEN TROVILLION, INC., a Florida Corporation, Appellee/Cross Appellant.
No. 79-1594/T4-672.
District Court of Appeal of Florida, Fifth District.
October 29, 1980.
Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellant/cross appellee.
Richard A. Leigh, Orlando, for appellee/cross appellant.
SHARP, Judge.
Butler Plaza, Inc., the appellant, retained Allen Trovillion, Inc., the appellee, to build a shopping center. As general contractor, Trovillion performed work outside of the scope of the parties' written contract. Trovillion sued Butler to obtain payment for the extra work, plus interest. Butler counterclaimed *683 for defective work on the contract work.
After a non-jury trial, the court awarded damages to both parties, and it allowed Trovillion interest on its awards from December 15, 1972 for work done on the Woolco store and from January 1, 1973 for work done on a manhole referred to as "Manhole D-13." Butler appealed and Trovillion cross-appealed. We affirm the damages award to each, because the record adequately supports the lower court's judgment.[1] However, the awards of interest to Trovillion were improperly calculated from the dates of completion.
In a contract action, it is proper to award interest from the date the debt was due. Bryan & Sons Corp. v. Klefstad, 265 So.2d 382 (Fla. 4th DCA 1972); Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955). This rule presupposes there is a liquidated amount owing at a specific time. Payment from Butler to Trovillion for the work performed pursuant to their written contract was "due" after the work was complete, and after a payment request (certified by the architect) was submitted to Butler. Similarly, payment for work done beyond the scope of the written contract was due after it was completed and after demand or request for payment by Trovillion was made.[2]See Norin Mortgage Company v. Wasco, Inc., 343 So.2d 940 (Fla. 2d DCA 1977). For "extra" contract work, particularly where no set amount was agreed to by the parties, completion of the work alone could not make the sums "due" because the obligor (here Butler) had no idea what amount to pay, nor when, absent a demand or request for payment.
The extra work done on the Woolco store was completed on December 15, 1972, but no demand for payment was made until May 1, 1974. The extra work on manhole D-13 was completed on January 1, 1973, but no demand for payment was made until October 2, 1973. Interest should only run from the dates of demand. Accordingly, the interest portion of the judgment is reversed, and this cause is remanded to the trial court for the purpose of recalculating the award of interest in a manner consistent with this opinion.
AFFIRMED in part and REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] U.S. Fidelity & Guaranty Co. v. Darden, 338 So.2d 37 (Fla. 3d DCA 1976); Davis Parks, Inc. v. Poole Engineering Co. of Ft. Walton Beach, 255 So.2d 713 (Fla. 1st DCA 1971).
[2] 17A C.J.S. Contracts § 371(8) (1963); 13 Am.Jur.2d Building & Construction Contracts § 18 (1964). See Moon v. Wilson, 100 Fla. 791, 130 So. 25 (1930); 11 Fla.Jur.2d Contracts § 199 (1979).