PER CURIAM.
William Patrick Brewster, the guarantor of one Jerry Estopy, appeals from the trial court’s final order awarding Alachua Tire and Fuel Services, Inc., $24,921.30 in compensatory damages, $8,237.98 in additional pre-judgment interest, and $898.30 in costs. While we find no error in the trial court’s admission into evidence of certain documents under the business records exception to the hearsay rule, § 90.803(6)(a), Fla. Stat., nor in its failure to give two of Brewster’s requested jury instructions, we do agree that the trial court should not have assessed pre-judgment interest pursuant to Alachua Tire’s post-trial motion seeking such an assessment.
In Florida law, interest is allowable from the time a debt becomes due and payable. Vacation Prizes, Inc. v. City National Bank of Miami Beach, 227 So.2d 352 (Fla. 2d DCA 1969). Further, whenever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date. English and American Ins. Co. v. Swain Groves, Inc., 218 So.2d 453, 457 (Fla. 4th DCA 1969). However, a jury verdict for a debt is considered the equivalent of a liquidated claim, and thus eligible for a post-trial motion seeking the assessment of pre-judgment interest, only where it conclusively detemrines the exact amount due and the date from which interest can be computed. Vacation Prizes, at 353. In this case, there is no conclusive jury determination, such as a special verdict or finding, fixing the date at which Estopy’s debt, and hence Brewster’s debt, became due. In light of this deficiency, the award of pre-judgment interest must be stricken. The trial court’s final order is otherwise affirmed.
AFFIRMED in part, and REVERSED in part.
ERVIN, C.J., JOANOS, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.