452 So.2d 1075 (1984)
Ahmed H. BARHOUSH, M.D., Appellant/Cross Appellee,
v.
James Melvin LOUIS, a Minor, BY AND THROUGH His Parents and Next Friends, Marie Luce Julien and Roland Louis, and Marie Luce Julien, Individually, and Ronald Louis, Individually, and Glades General Hospital, Appellees/Cross Appellants.
Nos. 81-2024, 82-130.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
*1076 Charles Ehrhardt, Tallahassee, and Talbot D'Alemberte and Lewis F. Murphy of Steel, Hector & Davis, Miami, for appellant/cross appellee.
Keyfetz, Poses & Halpern, P.A., and Philip Freiden, P.A., and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellees/cross appellants.
PER CURIAM.
Defendant, a physician, appeals an adverse judgment in a medical malpractice action. The physician was involved in the delivery of a child who was born with serious brain damage. An action was brought on behalf of the child and the jury returned a verdict of $1.8 million. The trial court instructed the jury on damages for bodily injury, pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life, both past and future. The jury was also instructed on the reasonable value of expenses for medical and nursing care and the child's loss of ability to later earn money. A general verdict form was submitted to the jury; it was not requested to render an itemized verdict in accordance with Section 768.48, Florida Statutes (1981). No one objected to the absence of an itemized verdict which is specifically provided for under the cited statute.
The appellate arguments raised by the defendant all relate to a particular expert witness, Dr. Goffman, who was presented by plaintiffs. Dr. Goffman's testimony related only to the economic losses sustained by the minor plaintiff. Dr. Goffman was an expert economist and his testimony, of course, had nothing to do with the elements of pain and suffering, inability to lead a normal life, and other intangible damage elements present in the case. Rather, his testimony was generally to the effect that the plaintiff had sustained a $1.8 million economic loss. The jury returned a verdict for this amount, and it is the defendant's position that the jury's verdict was based solely on this expert's testimony.
On appeal, defendant contends that his efforts at pretrial discovery and his attempts to introduce evidence to impeach Dr. Goffman during trial were erroneously and unfairly restricted by the trial court. A substantial amount of time was spent during the trial on the defendant's attempt to discredit this economic expert on the basis of collateral issues. We conclude that although the court's rulings on discovery and cross-examination may have been unduly restrictive, no error has been made to appear requiring a reversal.
We start from the position that in this case, unlike most personal injury actions, the defendant was entitled to a specific itemized verdict pursuant to Section 768.48, Florida Statutes (1981). Plaintiffs urge that since no special verdict was requested under this statute that the "two issue rule" precludes review. Under the two issue rule, whenever multiple issues are submitted to a jury for resolution in a general verdict and one of them is free from prejudicial error, it will be presumed that all issues were decided in favor of the prevailing party and a judgment will be affirmed. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978); Florida East Coast Railway v. Gonsiorowski, 418 So.2d 382 (Fla. 4th DCA 1982).
While this case does not present a classic application of the two issue rule, the *1077 principal has analogous application and we conclude that defendant is precluded from obtaining a reversal herein. Had defendant requested the itemized verdict to which he was entitled, the problems relating to the effect of Dr. Goffman's testimony would have been clarified. Further, the attempted attacks on Dr. Goffman mainly went to his credibility on collateral issues. In addition, if defendant is correct in his assertion that the jury based its entire verdict on Dr. Goffman's testimony of $1.8 million in economic loss, then the jury awarded nothing for all the elements of intangible damages such as pain and suffering and loss of the ability to lead a normal life. The plaintiff here was a seriously brain-damaged child. The jury concluded this tragic birth injury was the fault of the defendant, and the verdict of $1.8 million is clearly supported by substantial and abundant evidence. We conclude that, even if error occurred in the restrictions upon discovery and cross-examination, that prejudicial error has not been made to appear. The final judgment below is thus affirmed.
AFFIRMED.
BERANEK, J., and COCALIS, PATRICIA W., Associate Judge, concur.
ANSTEAD, C.J., concurs in conclusion only.