PER CURIAM.
This suit involved an unusually worded agreement relating to the sale of a condominium unit. The sale was not closed. The seller sued the buyer for payment for changes made to the unit by the seller at buyer’s request, alleging that charges for those changes were not recovered by the seller from the proceeds of the subsequent sale of the unit to a third party. The trial court rendered judgment for the seller. As one of his points on appeal the buyer argues that under the particular wording of the agreement the buyer was not obligated to pay for the changes if he did not close.
We affirm the judgment for the seller. We conclude that there is competent evidence in the record to support the trial court’s determination regarding the various ramifications of the unusual contractual relationship between the parties.
On cross-appeal the seller contends that the trial court erred in failing to award prejudgment interest on the amount due for the changes. We agree and reverse in this regard. Prejudgment interest is owed from the date of the seller’s demand upon the buyer to pay for the changes. Butler Plaza, Inc. v. Allen Trovillion, Inc., 389 So.2d 682 (Fla. 5th DCA 1980). Seller argues that such interest was owed from the date of closing which was agreed upon by the parties to be August 1, 1982. A letter from seller to buyer, itemizing charges for the changes, refers to the then forthcoming closing and, we believe, should reasonably be construed as a request for payment at closing. Accordingly, prejudgment interest was owed from the date of closing, August 1, 1982. See Vanech v. Hartsfield, 444 So.2d 431 (Fla. 2d DCA 1983), and cases cited therein. See also Butler Plaza.
*418 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
HOBSON, A.C.J., and BOARDMAN and LEHAN, JJ., concur.