511 So.2d 606 (1987)
Gilberto GONZALEZ and Estela S. Gonzalez, His Wife, Appellants,
v.
Dr. Gustavo LEON, Appellee.
No. 86-1904.
District Court of Appeal of Florida, Third District.
June 16, 1987.
Rehearing Denied September 14, 1987.
Anderson, Moss, Russo, Gievers & Cohen; Daniels & Hicks and Elizabeth K. Clarke, Miami, for appellants.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The Gonzalezes, the unsuccessful plaintiffs in this medical malpractice action, contend on appeal that the trial court erred in refusing their request that the jury be instructed that where a person has suffered a personal injury by reason of another's negligence, the tortfeasor (here, allegedly Dr. Leon) is liable for any additional harm and expense caused the injured person by the negligence of a physician who subsequently treats the injury. While the proffered instruction correctly states the law applicable to the theory of the plaintiff's case, see Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980); Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977); see also Leesburg Hospital Association v. Carter, 321 So.2d 433 (Fla. 2d DCA 1975); Prosser & Keeton on Torts § 44, at 309-10 (W. Keeton 5th ed. 1984); Restatement (Second) of Torts § 457 (1965); Annotation, Proximate Cause: Liability of Tortfeasor for Injured Person's Subsequent Injury or Reinjury, 31 A.L.R.3d 1000 (1970); Annotation, Civil Liability of One Causing Personal Injury for Consequences of Negligence, Mistake, or Lack of Skill of Physician or Surgeon, 100 A.L.R.2d 808 (1965), the Gonzalezes have failed to show that the trial court's refusal to give the instruction was harmful to them. That is so because the requested *607 instruction relates only to the issue of causation  that is, whether Leon's alleged negligence could be considered the legal cause of the plaintiff's damages where there had been subsequent maltreatment by another physician  and, thus, the court's refusal to give it becomes entirely harmless if the jury may have found that Leon was not negligent. Because the jury's verdict in the present case was a "No" to the question, "Was there negligence on the part of GUSTAVO LEON, M.D. which was a legal cause of damage to GILBERTO GONZALEZ and ESTELA GONZALEZ, his wife," and because such a verdict may be interpreted either as a finding of no negligence or as a finding of no legal cause, the plaintiffs have failed to show, as they must, see § 59.041, Fla. Stat. (1985); Fla.R.App.P. 9.040(d); Whitman v. Castlewood International Corp., 383 So.2d 618 (Fla. 1980); Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978); Variety Children's Hospital v. Perkins, 382 So.2d 331 (Fla. 3d DCA 1980), that the refusal to give this causation instruction was harmful.
We believe the same considerations that led the Florida Supreme Court in an analogous situation to adopt the "two issue" rule, see Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181, obtain here. This rule, namely, "that reversal is improper where no error is found as to one of the issues, as the appellant is unable to establish that he has been prejudiced," id. at 1186, places the burden of showing harm on the appellant. Even as the defendant in Colonial Stores could have avoided the impact of the rule by requesting a special verdict as to each count in the case, the plaintiffs in the present case could have removed any question as to what the jury decided by requesting that the jury first answer whether Leon was negligent and, if so, separately answer whether Leon's negligence was a legal cause of damage to the plaintiffs.[1] Had the answers to these questions been "yes" and "no" respectively, the plaintiffs would have shown that they were harmed by the court's refusal to instruct the jury as the plaintiffs had requested.
The plaintiffs, relying on LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980), contend that the two-issue rule of Colonial Stores and Whitman should be limited to like cases, that is, those involving multiple theories of liability, and should not be extended to cases involving multiple elements of a cause of action. We find nothing in Colonial Stores or Whitman to suggest such a limitation and no logical reason to create one. Indeed, we recognized no such limitation in Pfister v. Parkway General Hospital, 405 So.2d 1011 (Fla. 3d DCA 1981), where we found harmless the trial court's error in refusing to instruct the jury not to reduce damages by amounts received by the plaintiff from collateral sources  an instruction relating to damages only  because the general verdict for the defendant could have been based on the jury's finding that the defendant's indisputable negligence was not the legal cause of the defendant's damages. See also Variety Children's Hospital v. Perkins, 382 So.2d 331 (where jury's general verdict against defendant-hospital could have been based on finding that hospital was vicariously liable for the sufficiently-proved negligence of its nurses, the two-issue rule prevented the hospital from showing that it was harmed by trial court's error in refusing to give "borrowed servant" instruction that would have allowed the jury to find that surgeon, not hospital, was liable for the negligence of the hospital's resident physicians).
While it is true that our sister court in LoBue v. Travelers Insurance Co., 388 So.2d at 1351-52 n. 3, remarked that the two-issue rule should not be applied to a case such as the present one, the remark, in our view, has little, if any, precedential value. First, it is clear from LoBue that the two-issue remark is dictum because the *608 defendant's negligence and the plaintiff's lack of negligence were undisputed, and therefore, the error in excluding a medical witness who would have testified to causation and damages was demonstrably harmful notwithstanding the return of a general verdict. Second, even if the remark were arguably authoritative, the very same court, with no mention of LoBue, later applied the two-issue rule to find harmless the alleged error of unduly restricting the defendant's efforts at cross-examining the plaintiff's economic expert where the general verdict for the plaintiff (containing no itemization of damages) could have been based on the non-economic elements of damage such as "pain and suffering, inability to lead a normal life, and other intangible elements present in the case." Barhoush v. Louis, 452 So.2d 1075, 1076 (Fla. 4th DCA 1984). However, to the extent that the remark in LoBue survives the holding in Barhoush and is more than dictum, we acknowledge that our decision today conflicts with it.
Affirmed.
NOTES
[1] Of course, the parties may prefer to have the issues of negligence and legal cause raised in a single question. We do not for a moment suggest that there is anything wrong with a verdict form that does that. We merely say that by consolidating these issues, one runs the risk that the ability to show harm in the denial of a requested instruction that goes to only one of the issues may be severely diminished.