528 So.2d 1362 (1988)
John W. ROHRBACK, Appellant,
v.
Maxwell DAUER, et al., Appellees.
No. 87-1730.
District Court of Appeal of Florida, Third District.
August 9, 1988.
*1363 Bailey, Dawes & Hunt and Sara Soto, Miami, for appellant.
Thomson, Zeder, Bohrer, Werth & Razook and Carol A. Licko, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN, J., and JOE A. COWART, Jr., Associate Judge.
PER CURIAM.
The appellant Rohrback's primary point on appeal concerns various improprieties in the opposing lawyer's final argument to the jury. At the time the statements were made, Rohrback's counsel made successive motions for mistrial. Although the trial court indicated that it would or might grant the motions at that time, it was prevailed upon by the appellant to await the verdict and reserve ruling on the motions pending a possible motion for new trial. See Ed Ricke and Sons, Inc. v. Green, 468 So.2d 908 (Fla. 1985). After the jury returned a mixed verdict, which Rohrback considered unfavorable, the trial court then denied the motion. We have carefully considered the contents of the final argument in the light of the evidence and verdict, see Clark v. Yellow Cab Co., 195 So.2d 39 (Fla. 3d DCA 1967), and find no abuse of discretion in this ruling. In so doing, we follow those cases which hold that even improper argument will not require a new trial if the remarks are not so egregious as to interfere with the essential justice of the result. See Brumage v. Plummer, 502 So.2d 966 (Fla. 3d DCA 1987), pet. for review denied, 513 So.2d 1062 (Fla. 1987); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 442 (Fla. 1975). Compare, e.g., Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), pet. for review denied, 488 So.2d 832 (Fla. 1986).
We turn briefly to Rohrback's other points. With respect to the jury instructions concerning the effect of an assignment he allegedly made of the property interest in question here, we find that the issue was not properly preserved, Gonzalez v. Leon, 511 So.2d 606 (Fla. 3d DCA 1987), pet. for review denied, 523 So.2d 577 (Fla. 1988), and that the contention that consideration was required is without substantive merit. See Chase Fed. Sav. and Loan Ass'n v. Schreiber, 479 So.2d 90 (Fla. 1985) (deed needs no consideration), cert. denied, 476 U.S. 1160, 106 S.Ct. 2282, 90 L.Ed.2d 723 (1986).
The claim that Rohrback was improperly restricted from an attempt to cross-examine an important witness for the appellees on the ground of his generalized alcohol and drug addiction is similarly incorrect. *1364 See Edwards v. State, 530 So.2d 936 (Fla. 4th DCA 1988).[1]
There is error, however, in the trial judge's refusal to award prejudgment interest on the plaintiff's quantum meruit recovery. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); Jockey Club, Inc. v. Bleemer, Levine & Assocs. Architects and Designers, Inc., 413 So.2d 433 (Fla. 3d DCA 1982). Accordingly, after remand, the trial court is directed to add to the judgment in Rohrback's favor a sum for prejudgment interest from the date the payment for his services was due.
Affirmed in part, reversed in part.[2]
NOTES
[1] The appellant's other substantive positions have been mooted by these determinations.
[2] The appellees' single point on cross-appeal is not well taken. See Gulf Heating and Refrigeration Co. v. Iowa Mut. Ins. Co., 193 So.2d 4 (Fla. 1966).