SCHWARTZ, Chief Judge.
The appellees, who are unit owners at the Coronado condominium, sued the appellant association for negligent maintenance of a sanitary sewer in the common elements, which resulted in a noxious back flow of effluent into the Schers’ apartment. They won an order requiring the association to conform with its duties under the condominium act, and, after a jury trial, $160,000 in money damages for personal injuries and property damage.
On this appeal from the judgment entered pursuant to the verdict, we find no harmful error in the trial which requires reversal. See Rohrback v. Dauer, 528 So. 2d 1362 (Fla. 3d DCA 1988). We also hold that the trial court properly assessed attorney’s fees in the appellees’ favor for the prosecution of the entire case under section 718.303(1), Florida Statutes (1987).[1] In our view, the cause was, within the meaning of the statute, clearly an “[action] for damages or for injunctive relief, or both, for failure to comply with [those] provisions” of the condominium law and declaration which require the association properly to maintain the common elements. See § 718.113, Fla.Stat. (1987); Schmeck v. Sea *296 Oats Condominium Ass’n, 441 So.2d 1092 (Fla. 5th DCA 1983).
AFFIRMED.

. 718.303 Obligations of owners; waiver; levy of fine against unit by association.—
(1) Each unit owner and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association and the association bylaws. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
(a) The association.
(b) A unit owner.

******

The prevailing party in any such action ... is entitled to recover reasonable attorney's fees. This relief does not exclude other remedies provided by law....