PER CURIAM.
In a bifurcated trial on liability, the plaintiff appeals from an adverse final judgment arguing that the trial court failed to properly instruct the jury on causation as an element of liability. Although the better practice is to instruct the jury on both negligence and causation for a proper determination of liability, Fla. Std. Jury Instr. (Civ.) 3.5(f), 3.6(c); Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 229 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla.1961), in the instant case, the court’s refusal to give the instruction on causation was harmless because the jury found that the defendant was not negligent. Reyka v. Halifax Hosp. Dist., 657 So.2d 967, 968-69 (Fla. 5th DCA 1995); Gonzalez v. Leon, 511 So.2d 606 (Fla. 3d DCA 1987), review denied, 523 So.2d 577 (Fla.1988); Kinya v. Lifter, Inc., 489 So.2d 92 (Fla. 3d DCA), review denied, 496 So.2d 142 (Fla.1986).
Affirmed.