782 So.2d 905 (2001)
Jacob Thomas TOMLIAN, a minor, By and Through his parents and natural guardians, Dora Lee TOMLIAN and Kevin James Tomlian, and Dora Lee Tomlian and Kevin James Tomlian, individually, Appellants,
v.
Mark S. GRENITZ, M.D., Mark S. Grenitz, M.D., P.A., Humana of Florida, Inc. d/b/a Humana Hospital-Bennett, n/k/a Columbia Hospital Corporation of South Broward d/b/a Westside Regional Medical Center, Appellees.
No. 4D00-654.
District Court of Appeal of Florida, Fourth District.
March 14, 2001.
Rehearing Denied May 2, 2001.
Sheldon J. Schlesinger, P.A., Ft. Lauderdale, and Todd R. Schwartz of Ginsberg & Schwartz, Miami, for appellants.
Debra Potter Klauber of Haliczer, Pettis & White, P.A., Ft. Lauderdale, for Appellees-Mark *906 S. Grenitz, M.D. and Mark S. Grenitz, M.D., P.A.
Clark J. Cochran, Jr. and Hal B. Anderson of Billing, Cochran, Heath, Lyles & Mauro, P.A., Ft. Lauderdale, for Appellee-Humana Hospital.
KLEIN, J.
Plaintiffs appeal a judgment based on a defense verdict in a medical malpractice case, arguing that the trial court erred in precluding a neuropsychologist from testifying as to why he believed their baby's brain damage occurred during birth, and not earlier in the pregnancy. We reverse for a new trial.
After what appeared to be a normal pregnancy, plaintiffs' son was born with significant brain damage known as cerebral palsy, resulting from oxygen deprivation. Plaintiffs contended that the injury occurred during a difficult birth as a result of the negligence of the obstetrician and hospital, but defendants contended that it had occurred earlier, between twenty-six to thirty-four weeks of the mother's pregnancy which, according to defendants, is when this type of brain damage usually occurs.
Plaintiffs' expert neuropsychologist, who testified that the injury was caused by oxygen deprivation at birth, was not permitted to give his opinion as to why the injury had not occurred weeks prior to the birth, as contended by defendants. The trial court sustained defendant's objections to this testimony based on the state of the law as it existed at that time, which was that a psychologist, who is not a medical doctor, is not qualified to render an opinion as to the cause of brain damage. Executive Car & Truck Leasing, Inc. v. DeSerio, 468 So.2d 1027 (Fla. 4th DCA 1985).
During the pendency of this appeal, this court receded from DeSerio and held that psychologists are not precluded from testifying as to the cause of brain injury. Broward County School Bd. v. ex rel. Cruz, 761 So.2d 388 (Fla. 4th DCA) rev. granted, No. SC00-1550, 779 So.2d 270 (Fla.2000)(recognizing that the Florida Legislature had, after DeSerio, broadly defined the practice of psychology in section 490.003(4), Florida Statutes (1997), and that the decision in DeSerio was contrary to the current weight of authority). We are, of course, bound to apply the law as it exists on appeal, Fla. Patient's Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla.1985), and therefore agree with plaintiffs that the neuropsychologist's testimony should have been admitted.
Defendants argue that the error was not preserved because of the two-issue rule. The essence of the rule is that where two issues are submitted to a jury, only one of which is infected with error, the appellate court will assume the jury found for the prevailing party on the issue which was error-free, unless it can be determined from the form of verdict that the error was prejudicial. Whitman v. Castlewood Int'l Corp., 383 So.2d 618 (Fla.1980).
The two issues in this case, according to defendants, were: (1) whether there was negligence during the delivery; and (2) whether that negligence was the cause of the injury. The form of verdict in this case asked only: "Was there negligence on the part of the defendant ... which was the legal cause of damage to Jacob Tomlian?" Defendants argue that it cannot be determined from the general verdict used in this case whether the jury found no negligence or that, if there was negligence, it did not cause the injury.
Defendants rely on Gonzalez v. Leon, 511 So.2d 606 (Fla. 3d DCA 1987), in which the plaintiff argued that the trial court erred in refusing to give a jury instruction. *907 The court affirmed, applying the two-issue rule in a case involving only one theory of liability, negligence. The court explained that if there had been a special verdict in which the jury had been asked to separately answer whether the tortfeasor was negligent, and whether the negligence was a legal cause of damage, the appellate court would have been able to determine whether the failure to give the instruction was error. The court recognized that this court had refused to apply the two-issue rule under similar circumstances in LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980).
Defendants also rely on Barhoush v. Louis, 452 So.2d 1075 (Fla. 4th DCA 1984), in which this court held that, because a verdict in a medical malpractice case was not itemized as to damages, it could not be determined if error in allowing the testimony of an expert as to economic loss was prejudicial. That was also an application of the two-issue rule to a one issue case.
After Gonzalez and Barhoush the Florida Supreme Court clarified that the two-issue rule applies only to actions brought on two theories of liability. First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987)[1]. More recently, in Barth v. Khubani, 748 So.2d 260 (Fla.1999), the Florida Supreme Court reiterated that the two-issue rule "does not apply where there is only one cause of action." Id. at 262 n. 7, citing with approval this court's decision in LoBue, in which this court refused to apply the two-issue rule to a case involving one theory of recovery, negligence.[2] In the present case there was only one theory of liability, negligence, and accordingly the two-issue rule is not applicable.[3]
We also disagree with the defendants' argument that the error was harmless. Plaintiffs were limited to three experts, a neuropsychologist, an obstetrician, and a pediatric neurologist. The key issue, as we noted earlier, was whether the injuries occurred during birth or weeks earlier. The excluded testimony of the neuropsychologist consisted of his opinion as to why, based on the facts, the injury could not have occurred prior to birth. Neither the testimony of the obstetrician nor the pediatric neurologist were cumulative to this specific testimony, and accordingly the error is not harmless.
We find no error in the trial court's allowing the defendants' expert to testify, over plaintiffs' objection, that he had been retained in the past by the plaintiffs' law firm. Although that fact would not be relevant in a case in which there were going to be no attacks on the credibility or bias of the experts, in this case the experts' credibility was in issue from the beginning. It was error, however, for the defendant physician to blurt out that he had been listed as a "top doctor" in a local magazine.
Reversed and remanded for a new trial.
TAYLOR, J., concurs.
FARMER, J., concurs specially with opinion.
*908 FARMER, J., concurring.
I am not so sure that Barhoush v. Louis, 452 So.2d 1075 (Fla. 4th DCA 1984), is no longer good law as to preservation of certain issues for review. The panel in Barhoush acknowledged that the two issue rule did not directly control the result because the case being decided did not involve a "classic application" but it did, however, conclude that the rule had "analogous application" to the case. 452 So.2d at 1076-1077. There the issue was whether a claim of error as to the award of certain economic damages could be reviewed when the verdict was not itemized. As the Barhoush panel recognized, a party does have a statutory right to an itemized verdict on damages. If such specification of the jury's particularized thinking on damages is utilized, the reviewing court is able to understand without speculation as to precisely what the jury has awarded for different kinds of damages. Although not stated in Barhoush, it seems apparent to me that different and unrelated kinds of damages may actually be thought of as alternative forms of recovery.
In this case, however, the issue is one of negligence and its inherent element of causation. To recover on a negligence claim, it is not enough to show negligence without a causal linkage to an injury. The negligence must cause the injury or compensation is unavailable. If defendant in this case wanted to insure that the jury's decision on both aspects of the issue would be known, he had only to ask the judge for a specific verdict on each: Was defendant negligent? If so, did his negligence cause injury? I agree with the majority that the refusal to allow the testimony of the neuropsychologist as to the negligence issue with its element of causation was error, and we can tell from the defense verdict that the error was prejudicial.
First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987), involved two separate and distinct claims, neither contingent on the other. Plaintiffs there sought to charge defendants with two separate claims of fraud: one involving a nature trail; the other involving an oceanfront location. Neither was related to or hinged on the other. Defendants could have been guilty of one but not the other. Both were lumped together in a single verdict. On appeal it was determined that the nature trail claim never should have gone to the jury. Yet the appellate court determined that the issue was waived because of the two issue rule. In overturning the appellate decision the supreme court said:
"We disagree and find that the two-issue rule does not apply when two distinct claims for liability result in separate claims for damages in the same action."
511 So.2d at 538. As to the proper application of the two issue rule, the court said that "This rule applies to those actions that can be brought on two theories of liability, but where a single basis for damages applies." Id.
The supreme court's explanation in Ablanedo hardly means that the rationale and purpose of the two issue rule have no application in the context of a single theory of liability with multiple, independent kinds of damages. Because that is not the circumstance we face in this case, however, I agree that prejudicial error has been shown. I do not agree that Ablanedo and Barhoush have anything to do with our decision.
NOTES
[1] The third district has recognized that its decision in Gonzalez, applying the two-issue rule in a case involving one theory of negligence, may have been overruled by Ablanedo. Brown v. Sims, 538 So.2d 901 (Fla. 3d DCA 1989). We conclude that it was overruled.
[2] The specific holding of Barth was that the two-issue rule could apply where there was no special verdict in a case involving two separate affirmative defenses, and the error occurred only in regard to one of the affirmative defenses.
[3] The fact that a special verdict is not required in a case involving one theory of liability does not preclude a trial court from using one, where there would be no prejudice such as juror confusion.