FARMER, J.
In this medical malpractice case, the jury awarded substantial damages to the patient from her eye surgeon. On appeal the surgeon argues error in the trial court’s admission of surprise testimony by the patient’s expert witness as to whether the surgeon was negligent; in making the surgeon responsible for further injuries occurring during an attempt to correct his failed surgical procedure; and in permitting the patient’s expert to testify as to the informed consent claim. We affirm on all issues.
As to the surprise testimony regarding the surgeon’s negligence in performing the procedure, we begin by noting that the patient went to trial on multiple theories of liability with regard to his performance of a procedure known as a YAG Laser Cap-sulotomy. Patient’s three, separate causes of action were whether surgeon: (1) negligently performed the procedure; (2) negligently failed to monitor intraocular pressure and provide appropriate treatment in connection with the procedure; and (3) failed to obtain an informed consent to perform the procedure. The case was submitted to the jury on a general verdict as to liability. The first issue on appeal addresses only the second theory of liability, the failure to monitor his patient after surgery and to provide any treatment necessitated by events in the post operative period.
Patient therefore argues that surgeon’s first issue is foreclosed by the two-issue rule.[1] In Florida Patient’s Compensation Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988), quashed on other grounds, 550 So.2d 461 (Fla.1989), we upheld the application of the two-issue rule to separate theories of liability that are identical to those involved in the present suit. As here, Sitomer was a medical malpractice action involving more than a single theory of liability: (1) that the doctor was negligent in his medical care arid treatment of plaintiff and (2) that the doctor failed to obtain a properly informed consent. 524 So.2d at 671. We found that the defendants could not show error in the trial court’s failure to give their proposed jury instruction on the informed consent theory because both theories went to the jury under a general verdict as to liability and the jury found in favor of plaintiff. Id.
Sitomer thus requires the application of the two-issue rule to the present case. Here we face the identical situation — i.e., any error in regard to the negligent performance of the surgery had no connection with the informed consent theory of liability. The jury’s general verdict on liability does not specify which, if fewer than all, of the three theories were found proved by the evidence and law.
*1182 It is true that the informed consent claim was pleaded under the same heading as the negligent performance issues. As we held in Sitomer, however, lack of informed consent is really a separate theory of liability and is different from an alternative theory of negligent performance of a surgical procedure. 524 So.2d at 675 (“['T]hough the instruction given by the court on implied consent may be inadequate, Smith and the Fund cannot avail themselves of such error because two theories of negligence went to the jury in this case and the jury found liability against Smith on both charges i.e., negligence in his medical care and treatment and negligence in obtaining Sitomer’s informed consent.”); see also Gouveia v. Phillips, 823 So.2d 215 (Fla. 4th DCA 2002) (discussing difference between medical negligence claim and alternative claim based on lack of informed consent). Thus for purposes of the two-issue rule, under Sitomer we face not a single theory of liability but three separate and distinct claims.
Thus, this case is distinguishable from First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Barth v. Khubani, 748 So.2d 260, 261-62 (Fla.1999), and Tomlian v. Grenitz, 782 So.2d 905 (Fla. 4th DCA 2001). These decisions involve a single theory of liability as to which the error, if any, was connected to only one of multiple elements of the single theory in suit. In Tomlian, we held that Barth and Ablanedo made clear that the two-issue rule did not apply to single theory claims, even if multiple elements of that claim were in dispute.
In Tomlian, the parents brought a medical malpractice action on behalf of their son who was born with cerebral palsy. The two issues before the jury were: (1) whether there was negligence during the delivery; and (2) whether that negligence was the cause of the injury. 782 So.2d at 906. In Tomlian negligence was the only theory of liability, and we found the two-issue rule inapplicable. Tomlian does not support surgeon’s argument that the two-issue rule is inapplicable in this multiple theory of liability case. Because surgeon is unable to show error in the jury’s general determination of liability in the face of three alternative theories, as to which only one is involved in this argument, there is no error shown in the trial court’s refusal to bar the expert from testifying as to an opinion at trial different than he gave during pretrial deposition.
We deal only briefly with the remaining issues. The record supports the trial court’s determination that any negligence in the subsequent surgery to correct the problems existing after surgeon performed the YAG Laser Capsulotomy constituted an intervening cause for which the original tortfeasor may be liable. There was evidence that the second surgery was a reasonably foreseeable consequence of the first surgery. It is not necessary that the exact harm suffered by the plaintiff be foreseeable. Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520 (Fla.1980). An intervening cause is foreseeable if “the harm that occurred was within the scope of danger attributable to the defendant’s negligent conduct.” Townsend v. Westside Dodge, Inc., 642 So.2d 49, 50 (Fla. 1st DCA 1994), review denied, 651 So.2d 1197 (Fla.1995). In this case, the record supports the court’s conclusion that the second procedure was within the scope of danger attributable to surgeon’s negligence.
Finally, we conclude that surgeon has shown no error as to the testimony of patient’s expert on the lack of informed consent. The expert testified that he performs YAG Laser Capsulotomies on a regular basis, but because that procedure has an increased likelihood of dislo- *1183 eating plate haptic lenses, he refers those particular cases to the cataract surgeons where he practices. The expert further testified, however, that he would not defer to those surgeons to advise patients of the inherent risks of such surgery because, as a retina specialist, he has seen such results and is qualified to advise the patient regarding them. In any event, because the expert regularly performs YAG Laser Capsulotomies, he satisfied the statutory requirement that he perform “similar treatments or procedures.” Moreover, surgeon’s own testimony that patients should be warned of surgical complications, including the possibility of lens dislocation, and that he did not warn the patient of such dislocation in this case, was sufficient to support a verdict based on an uninformed consent.
Because surgeon has not made any error clearly appear, it follows that the final judgment is—
AFFIRMED.
POLEN, C.J., and MAY, J., concur.

. The principle allowing a general verdict to stand in the face of a trial error affecting only one of two or more issues is known as the "two-issue rule.” Barth v. Khubani, 748 So.2d 260, 261-62 (Fla.1999); First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987); Colonial Stores Inc., v. Scarbrough, 355 So.2d 1181 (Fla.1977).