WELLS, Judge.
Defendants in this personal injury action appeal the trial court’s denial of their motion for new trial. They maintain that prejudicial comments by opposing counsel “resulted in a miscarriage of justice” requiring that the judgment be reversed and that a new trial as to comparative fault and damages be conducted. Having carefully considered the statements complained of in light of the evidence and verdict, we find no abuse of discretion in the court’s ruling. As we observed in Rohrback v. Dauer, 528 So.2d 1362, 1363 (Fla. 3d DCA 1988), “even improper argument will not require a new trial if the remarks are not so egregious as to interfere with the essential justice of the result.” See § 59.041, Fla. Stat. (2003) [1]; Maksad v. Kaskel, 832 So.2d 788, 793 (Fla. 4th DCA 2002)(concluding that “[gjenerally, a mistrial or new trial should be granted only when counsel’s arguments are so inflammatory and prejudicial that they deny the opposing party a fair trial”).
Accordingly, the order under review is affirmed.
GREEN, J., concurs.

. Section 59.041 provides:
No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.