GROSS, C.J.
 

 We consider challenges to the circuit court’s rulings on prejudgment interest on attorney’s fees and costs established in a charging lien proceeding arising from the claim of a law firm discharged by the client in a personal injury action. We hold that prejudgment interest runs from the date the client received the proceeds of settlement, a time fixed by the contract between the client and the law firm.
 

 In 1997, appellant Nancy McCarthy signed a contingency fee agreement with Hall, Lamb
 
 &
 
 Hall, P.A. and retained the law firm to represent her in a suit arising from a boating accident. The agreement provided that McCarthy’s responsibility for costs incurred by the firm was not contingent upon a recovery in the case. However, as the lawsuit dragged on, McCarthy did not have the money to reimburse the firm, so the contract was modified to provide that the firm would not seek costs from McCarthy until she obtained a recovery in the case.
 

 
 *195
 
 In March 2003, McCarthy fired the law firm and retained new attorneys. The law firm filed a charging lien for attorney’s fees and costs. Successor counsel settled the case on December 20, 2006 for $927,500.
 

 The circuit court held extensive hearings on the charging lien. In March 2008, the court awarded the law firm $107,000 as a quantum meruit recovery for attorney’s fees and $105,939.16 for costs expended. The court denied the law firm’s request for prejudgment interest on the attorney’s fee award, reasoning that “the attorney’s fee was unliquidated.” The court awarded prejudgment interest from the date that the law firm paid or incurred each cost; by this method, the court computed prejudgment interest as $57,613.19.
 

 McCarthy appeals the award of prejudgment interest on the cost judgment. The law firm cross-appeals the denial of prejudgment interest on the attorney’s fee award.
 

 A trial court’s decision concerning a litigant’s entitlement to prejudgment interest is reviewed de novo.
 
 See Berloni S.p.A. v. Della Casa, LLC,
 
 972 So.2d 1007, 1011 (Fla. 4th DCA 2008). An award under an attorney’s charging lien turns on the express or implied contract between the attorney and client.
 
 See State v. Am. Tobacco Co.,
 
 723 So.2d 263, 268 (Fla.1998) (stating that a “lawyer’s charging lien arises out of an express or implied contract for legal services”). Where a disputed contractual claim is liquidated by a judge sitting non-jury, interest should be awarded from the date payment was due.
 
 Berloni,
 
 972 So.2d at 1011. The modified agreement between the client and the law firm was that McCarthy would reimburse costs when she recovered money in the case. This means that prejudgment interest on the cost award should run from December 20, 2006, the date the case was settled, or from a later date, if that was the time McCarthy received payment on the settlement. We therefore reverse the interest computation on the cost award contained in the court’s order of April 21, 2008, which was based on the date that the law firm paid or incurred each cost.
 

 The law firm’s cross-appeal concerns its entitlement to interest on the attorney’s fee award. Because the circuit judge said that the attorney’s fees involved an unliquidated amount, he did not assess prejudgment interest. However, an attorney’s fee award is subject to the assessment of prejudgment interest.
 
 See Quality Engineered Installation, Inc. v. Higley S., Inc.,
 
 670 So.2d 929, 930-31 (Fla.1996). Where a law firm obtains a quantum me-ruit recovery after being discharged in a contingent fee case, the firm is entitled to prejudgment interest on the award set by the court.
 
 See Quality Engineered,
 
 670 So.2d at 931;
 
 Arabia v. Siedlecki,
 
 789 So.2d 380, 384 (Fla. 4th DCA 2001). “[I]n-terest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination .... ”
 
 Quality Engineered,
 
 670 So.2d at 930-31. Here, the underlying fee agreement made entitlement to attorney’s fees contingent on the “proceeds of recovery.” Thus the firm is entitled to prejudgment interest on the attorney’s fee award from the date McCarthy received the proceeds of settlement. We reverse that portion of the March 26, 2008 order denying the law firm’s request for prejudgment interest on the attorney’s fee award.
 

 Reversed and remanded.
 

 DAMOORGIAN and GERBER, JJ., concur.