CLARK, J.
 

 The appellants present several issues in connection with an order awarding damages on the appellee’s action for trespass and breach of contract. The appellees cross-appeal, presenting additional issues. However, the only error shown is with regard to the court’s limited award of prejudgment interest, which should have been awarded on the full measure of the compensatory damages.
 

 The appellees’ trespass and breach of contract action was based on damage the appellants caused to the appellees’ land, when the appellants repeatedly entered onto the appellees’ property and destroyed trees and other vegetation, while also causing further damage. The appellees had given the appellants permission to use a small portion of the land for a utility easement, but the appellants did not confíne their activities to the easement area and wrongfully trespassed onto other portions of the appellees’ land, in violation of the easement agreement. The appellees thus brought the trespass and breach of contract action, and the appellants admitted liability whereupon a trial was had to assess damages, with the jury awarding both compensatory and punitive damages. The court entered a judgment for the appel-lees, with prejudgment interest on part, but not all, of the compensatory damages.
 

 In limiting the award of prejudgment interest the court cited
 
 Air Ambulance Professionals, Inc. v. Thin Air,
 
 809 So.2d 28 (Fla. 4th DCA 2002), and observed that the appellees did not have out-of-pocket expenditures on the trespass. The court further cited
 
 Brewster v. Alachua Tire & Fuel Services, Inc.,
 
 442 So.2d 313 (Fla. 1st DCA 1983), and observed that there was no jury finding expressly fixing a date when the appellants’ obligation to pay for the damage became due. But neither of those factors precludes the award of prejudgment interest. As the supreme court indicated in
 
 Alvarado v. Rice,
 
 614 So.2d 498, (Fla.1993), prejudgment interest is awardable upon the loss of a vested property right.
 
 See also Underhill Fancy Veal, Inc. v. Padot,
 
 677 So.2d 1378 (Fla. 1st DCA 1996). And there does not have to be a special verdict as to the date of loss, where the loss is established by the verdict and the pertinent date can be ascertained from the evidence.
 
 See e.g. Argonaut Ins. Co. v. May Plumbing Co., 474
 
 So.2d 212 (Fla.1985);
 
 Bergen Brunswig Corp. v. Department of Health and Rehabilitative Services,
 
 415 So.2d 765 (Fla. 1st DCA 1982);
 
 see also Pine Ridge at Haverhill Condominium Assoc., Inc. v. Hovnanian of Palm Beach II, Inc.,
 
 629 So.2d 151 (Fla. 4th DCA).
 

 Because the present case involves both the loss of a vested property right, and a date of loss ascertainable from the evidence as to when the property damage occurred, prejudgment interest should have been awarded on the full measure of the compensatory damages. The appealed order is therefore reversed as to the partial denial of prejudgment interest. The order is otherwise affirmed, and the case is remanded.
 

 BARFIELD and ROWE, JJ., concur.