FARMER, J.
 

 We affirm the final judgment in all respects except for the issue of prejudgment interest.
 

 Préjudgment interest is proper for a recovery based on quantum meruit.
 
 McCarthy v. Estate of Krohn,
 
 16 So.3d 193, 195 (Fla. 4th DCA 2009) (law firm entitled to quantum meruit fee after being discharged in contingent fee case is entitled to prejudgment interest from date fee due);
 
 Rohrback v. Dauer,
 
 528 So.2d 1362, 1364 (Fla. 3d DCA 1988) (court erred in refusing prejudgment interest on quantum meruit recovery).
 

 In Florida, damages are liquidated when a verdict fixes the date of loss.
 
 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212, 214 (Fla.1985). The date of loss for prejudgment interest is the date payment was due.
 
 Id.
 
 at 215. When losses occur on separate dates prejudgment interest should be calculated from the date each is due.
 
 Herrero v. Pearce,
 
 571 So.2d 96, 97 (Fla. 1st DCA 1990) (past due child support, prejudgment interest calculated from date when father should have made each payment);
 
 Metro. Dade County v. Bouterse, Perez & Fabregas Architects Planners, Inc.,
 
 463 So.2d 526, 527 (Fla. 3d DCA 1985) (breach of contract for progress payments, prejudgment interest calculated from date each payment due).
 

 In this case, the court awarded direct job costs incurred by McLaughlin based on two invoices and testimony. The first invoice was in April 2002 and the second in May 2002. McLaughlin’s out-of-pocket loss is certain as of these dates. On these two invoices, the court should have awarded prejudgment interest from the date of each.
 

 Reversed only as to prejudgment interest; remainder affirmed,.
 

 GROSS, C.J., and CIKLIN, JJ., concur.