SCHWARTZ, Senior Judge.
While a patron at a Wal-Mart, Ms. Ash-er slipped and fell on a wet area on the floor. After a jury found Wal-Mart and the plaintiff seventy-five and twenty-five per-cent respectively liable, the trial judge granted a new trial on the ground that he had erroneously instructed the jury on a “negligent mode of operation” theory he found unjustified by the evidence.[1] For several reasons, we reverse:
*485 (1) The ground asserted was not raised at trial and was therefore waived. See Sears Roebuck v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983);
(2) Review of the point is barred by the two-issue rule because of an unobjected to general verdict and ample evidence of alternative theories of liability. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977); Chua v. Hilbert, 846 So.2d 1179 (Fla. 4th DCA 2003); Marriott Int’l, Inc. v. Perez-Melendez, 855 So.2d 624 (Fla. 5th DCA 2003); Variety Children’s Hosp. v. Perkins, 382 So.2d 331 (Fla. 3d DCA 1980); and
(3) On the merits, the charge in question both was legally correct and supported by competent evidence of the store’s practice of unsupervised handling of its shopping carts resulting in water being shaken onto the floor. See Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256 (Fla.2002).
Accordingly, the order on appeal is reversed and the cause remanded for entry of judgment on the verdict.
Reversed and remanded.

. The instruction stated as follows:
It is the law in Florida that the duty of premises owners to maintain their premises in a safe condition is not exclusively limited to detecting dangerous conditions on the premises after they have occurred and then correcting them; the duty to exercise reasonable care may extend to taking actions to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises.