DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YVONNE R. SHERRER, M.D.,**
Appellant,

v.

**STEPHANIE HOLLINGSWORTH,** individually**,**
Appellee.

No. 4D18-830

[June 12, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. CACE 11-002290 (13).

Mark Hicks and Dinah Stein of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and John Mauro and Carol Glasgow of Billing, Cochran, Lyles, Mauro & Ramsey, P.A., Fort Lauderdale, for appellant.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, Scott Schlesinger and Jonathan R. Gdanski of Schlesinger Law Offices, P.A., Fort Lauderdale, Crane Johnstone of Johnstone Law, P.A., Fort Lauderdale, and Peter J. Somera, Jr., and Paul M. Silva, M.D. of Somera & Silva, LLP, Boca Raton, for appellee.

ROWE, CYMONIE S., Associate Judge.

After a three-week jury trial, a medical doctor appeals a multimillion-dollar verdict asserting that the trial court erred because: 1) the court improperly instructed the jury concerning informed consent, 2) the patient's counsel's conduct and improper comments during opening statement warranted a new trial, and 3) the jury award was contrary to the manifest weight of the evidence. Of these issues, we reverse only on the issue concerning informed consent.

### *Factual Background*

Patient, Stephanie Hollingsworth, sued her doctor, Yvonne R. Sherrer, and the hospital where she was treated. In her operative pleading, the patient asserted that the doctor failed to properly treat her necrotizing

vasculitis in a timely manner with the drug Cytoxan when she was a patient at the hospital. Cytoxan was the brand name for "Cyclophosphamide," a chemotherapy agent that is used to kill the cells that are driving vasculitis in patients with rheumatic diseases. The patient's sole claim against the doctor was for medical negligence. The doctor asserted an affirmative defense of informed consent. Specifically, in her defense, the doctor asserted that the patient properly executed informed consents pursuant to sections 768.46 and/or 766.103, Florida Statutes, and therefore said allegations cannot impose liability.

At the trial, the only issue tried was the negligence claim. The issue of informed consent was not tried. During the charge conference, the parties agreed to the general negligence instruction. The next day, however, the patient sought to add an instruction concerning informed consent. The patient argued that the evidence supported that the doctor's negligence could be based on the doctor's failure to give the patient sufficient information regarding Cytoxan.

The doctor objected. The doctor argued that the informed consent instruction should not be given because that issue was never raised during the trial, that theory of liability required expert testimony, and that there was no expert testimony to support the informed consent theory.

Over objection, the trial court instructed the jury as to both general negligence and informed consent. The jury found the doctor negligent, and the patient was awarded $15,591,619.00 in damages. This appeal followed.

### *Analysis*

A trial court's decision to give or withhold a jury instruction is reviewed under the abuse of discretion standard of review. *Barton Protective Servs., Inc. v. Faber*, 745 So. 2d 968, 974 (Fla. 4th DCA 1999).

On appeal, the doctor argues that the trial court abused its discretion by giving an instruction on informed consent because the issue was not pled, tried by implied consent, or supported by the evidence. In response, the patient asserts that the informed consent issue was not properly preserved for appellate review under the two-issue rule because the doctor agreed to a general verdict form instead of requesting a special verdict form to split the general negligence claim apart from the informed consent claim.

Because a lack of informed consent theory of liability was not tried by consent or otherwise, the trial court erred in giving the instruction.

Lack of informed consent is a separate and distinct theory of negligence, different from general medical negligence. *See Chua v. Hilbert,* 846 So. 2d 1179, 1182 (Fla. 4th DCA 2003) (citing *Florida Patient's Comp. Fund v. Sitomer,* 524 So.2d 671, 675 (Fla. 4th DCA 1988), *quashed on other grounds,* 550 So. 2d 461 (Fla.1989)). As the given jury instruction details, the doctrine of informed consent requires the doctor to give the patient sufficient information concerning a proposed treatment or procedure.

Here, the doctor did not propose Cytoxan as a possible treatment. Stated another way, the doctor's purported failure to offer Cytoxan to the patient had no connection with the informed consent theory of liability. The failure to propose Cytoxan is adjunct and supplement to the general negligence theory.

The trial court instructed the jury on two distinct theories of liability, general negligence and informed consent. While the doctor pled informed consent as an affirmative defense, that affirmative defense was not advanced at the trial. There was no evidence presented and, more importantly, no expert testimony concerning the latter theory. The issue of informed consent was not tried by consent. There was only one theory of negligence presented to the jury, which was supported by the general negligence instruction.

The two-issue rule does not apply here because the informed consent instruction should not have been given at all. The two-issue rule provides that when more than one issue is presented to the jury, and the jury is instructed as to all of the issues presented, without an objection to the use of a general verdict form, appellate reversal is improper without a showing of prejudice. Essentially, the rule requires that the opponent of the jury instruction must distill and highlight the erroneous instruction via the verdict form to preserve the issue on appeal. This rule is based on the premise that the appellate court must be clear that the jury's verdict was based on the erroneous instruction. *See Barth v. Khubani,* 748 So. 2d 260 (Fla. 1999).

The two-issue rule applies when there are multiple theories of negligence whether offered by the plaintiff or defendant. For the two-issue rule to apply in this case, both the theory of negligence and the theory of informed consent must be pled, proven, and preserved. In *Tomlian v. Grenitz,* 782 So.2d 905 (Fla. 4th DCA 2001), *approved in part, disapproved in part, Grenitz v. Tomlian,* 858 So. 2d 999 (Fla. 2003), we made clear that

the two-issue rule did not apply to single theory claims, even if multiple elements of that claim were in dispute.

With these facts, the trial court erred when instructing the jury concerning informed consent. Preservation of the error via the verdict form was not necessary because there was only one issue properly presented to the jury. Requiring the doctor to add an improper issue to the verdict form in order to preserve the error would only have served to highlight the error further.

The informed consent instruction contributed to the jury's finding the doctor negligent because it allowed the jury to find the doctor negligent even if the jury found that the doctor's decision not to administer Cytoxan fell within the standard of care. This added theory of negligence prejudiced the doctor. The prejudicial instruction warrants reversal and a new trial concerning all issues.

*Reversed for new trial.*

TAYLOR and LEVINE, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

- 4 -