# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1523
LT Case No. 2021-31489-CICI

———————————————

MEMORIAL HEALTH SYSTEMS,
INC., d/b/a ADVENTHEALTH
DAYTONA BEACH,

    Appellant/Cross-Appellee,

    v.

HAMILTON STAFFING SOLUTIONS,
INC.,

    Appellee/Cross-Appellant.

———————————————


On appeal from the Circuit Court for Volusia County.
Dennis P. Craig, Judge.

John M. Brennan, of GrayRobinson, P.A., Orlando, and Kristie L. Hatcher-Bolin, of GrayRobinson, P.A., Lakeland, for Appellant/Cross Appellee.

Michael M. Brownlee and Allison Morat, of The Brownlee Law Firm, P.A., Orlando, for Appellee/Cross-Appellant.

June 20, 2025


PER CURIAM.

    This is an appeal by Memorial Health Systems, Inc., d/b/a AdventHealth Daytona Beach ("AdventHealth") and cross-appeal

by Hamilton Staffing Solutions, Inc. ("Hamilton") from a final judgment in favor of Hamilton on Hamilton's claim for unjust enrichment. On appeal, AdventHealth asserts that the trial court erred in denying its motions for directed verdict and to set aside the jury verdict on the ground that Hamilton's unjust enrichment claim was barred by the existence of an express contract. Finding no error, we affirm without discussion.

However, on cross-appeal, Hamilton correctly asserts that the trial court erred in awarding prejudgment interest from the date of the verdict—instead of the date of loss—where the evidence established that the date of loss was October 29, 2021. This is the date when Hamilton sent AdventHealth a letter demanding payment with accompanying invoices. Accordingly, we reverse and remand with directions that the trial court recalculate prejudgment interest.

A plaintiff is entitled to prejudgment interest on a damages award for unjust enrichment or quantum meruit. *McLaughlin, Inc. v. Ric-Man Int'l, Inc.*, 31 So. 3d 308, 309 (Fla. 4th DCA 2010); *Montage Grp., Ltd. v. Athle-Tech Comput. Sys., Inc.*, 889 So. 2d 180, 190 (Fla. 2d DCA 2004); *Rohrback v. Dauer*, 528 So. 2d 1362, 1364 (Fla. 3d DCA 1988); *see also Wiand v. Lee*, 753 F.3d 1194, 1205 (11th Cir. 2014) (observing that "Florida courts have awarded prejudgment interest . . . on unjust enrichment claims as a matter of course"). Although prejudgment interest is an element of damages, "the issue of prejudgment interest is a discrete issue to be determined by the trial court, not the finder of fact." *Westgate Mia. Beach, Ltd. v. Newport Operating Corp.*, 55 So. 3d 567, 576 (Fla. 2010). "[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985). "The computation of prejudgment interest 'is a purely ministerial duty' and is not affected by the merit of the defense or the certainty of the amount of loss." *Wood v. Unknown Pers. Rep. of Est. of Burnette*, 56 So. 3d 74, 76 (Fla. 2d DCA 2011) (quoting *Argonaut*, 474 So. 2d at 215).

"When a fact-finder renders a verdict regarding the amount recoverable for unpaid services, the date of the loss is the date the

payment was due." *Id.* "[T]here does not have to be a special verdict as to the date of loss, where the loss is established by the verdict and the pertinent date can be ascertained from the evidence." *Pace Prop. Fin. Auth., Inc. v. Jones*, 24 So. 3d 1271, 1272 (Fla. 1st DCA 2009); *see also RDR Comput. Consulting Corp. v. Eurodirect, Inc.*, 884 So. 2d 1053, 1055 (Fla. 2d DCA 2004) ("This court has held that it is not necessary for the jury to actually determine the date on which the damages were liquidated, so long as that date is clear from the context of the litigation."); *Vining v. Martyn*, 660 So. 2d 1081, 1082 (Fla. 4th DCA 1995) ("We are not persuaded by Vining's argument that Martyn was not entitled to prejudgment interest because there was no date certain for the loss set out in the verdict form."). When it cannot be determined from the record when the particular pecuniary losses awarded by the jury occurred, prejudgment interest must be calculated from the date of the verdict. *Albanese Popkin Hughes Cove, Inc. v. Scharlin*, 141 So. 3d 743, 747 (Fla. 3d DCA 2014).

Here, Hamilton claims that the trial court erred in awarding prejudgment interest from the date of the verdict instead of the date of loss. Specifically, it asserts that the evidence established that the date of loss was October 29, 2021, when Hamilton sent AdventHealth a letter demanding payment with accompanying invoices. Florida courts have approved of the date of a demand for payment as the identifiable date of loss for purposes of calculating prejudgment interest. *See Manning v. Clark*, 89 So. 2d 339, 341 (Fla. 1956) (holding that prejudgment interest on a liquidated damages claim should be calculated from the time the claim became due and was demanded or suit was commenced therefor); *Butler Plaza, Inc. v. Allen Trovillion, Inc.*, 389 So. 2d 682, 683 (Fla. 5th DCA 1980) (holding that prejudgment interest for debt incurred by the defendant corporation for whom the plaintiff general contractor performed extra work outside the scope of the parties' written contract should run from the dates of the plaintiff's demand for payment); *see also McLaughlin*, 31 So. 3d at 309 (holding that prejudgment interest on the plaintiff's quantum meruit claim should have been awarded from the dates of two invoices because the plaintiff's out-of-pocket loss was certain as of those dates). Contrary to the trial court's conclusion, the date of loss was not too speculative insofar as Hamilton's demand for payment established that the date of loss was October 29, 2021.

Accordingly, we reverse and remand with directions that the trial court award prejudgment interest from that date instead of from the date of the verdict.

AFFIRMED in part, REVERSED in part, and REMANDED with directions.

JAY, KILBANE, and MACIVER, JJ., concur

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————